UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WORLDWIDE BATTERY COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-0602-DFH-TAB |
| ) | |
| JOHNSON CONTROLS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

ENTRY ON MOTION TO REMAND

Plaintiff WorldWide Battery Company, LLC, an Indiana citizen for federal jurisdictional purposes, sued defendants Johnson Controls, Inc., Johnson Controls Battery Group, Inc. ("Battery Group"), Interstate Battery Franchising & Development, Inc., Dennis McDaniel and Larry Larsh in an Indiana state court for damages for breach of contract, tortious interference with a contract, and defamation. Defendants McDaniel and Larsh are citizens of Indiana whose presence would defeat complete diversity of citizenship. Defendants removed the action to this court, however, contending that McDaniel and Larsh were fraudulently joined. WorldWide has moved to remand the action and seeks attorney fees incurred as a result of the removal. As explained below, the motion to remand is granted because the defendants have not shown fraudulent joinder of Larsh and McDaniel, but WorldWide's attorney fee request is denied because the removal was not objectively unreasonable.

*Factual Allegations*

Plaintiff WorldWide alleges the following in its complaint. In March 2004, WorldWide entered into an agreement with Delphi Corporation to refurbish used lead-acid batteries, which Delphi supplied. First Am. Cplt. ¶ 8. At the end of June 2005, Johnson Controls purchased nearly all of Delphi's battery related assets, including the contract with WorldWide. *Id.* at ¶ 16. Johnson Controls continued to ship the batteries to WorldWide through August 29, 2005, when shipments suddenly halted. *Id.* at ¶¶ 18, 19. WorldWide demanded that shipments resume, but Johnson Controls refused. *Id.* at ¶¶ 22, 25. WorldWide claims contractual damages against Johnson Controls, Battery Group and Interstate Battery. These defendants are not citizens of Indiana for purposes of federal diversity jurisdiction.

Indiana defendants Larsh and McDaniel are franchisees and/or local operators for Interstate Battery. *Id.* at ¶ 35. Interstate Battery is owned in substantial part by Johnson Controls. *Id.* at ¶ 28. In the spring and summer of 2005, plaintiff alleges, McDaniel and Larsh knowingly made false public statements to competitors and customers of WorldWide in an effort to injure the business reputation of WorldWide. *Id.* at ¶ 36-7; Pl.'s Br. ¶¶ 37-43. WorldWide seeks damages against Larsh and McDaniel for defamation.

*Discussion*

In general, a defendant in a civil action in a state court may remove the action to a district court of the United States if the district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Defendants here argue that the court has diversity jurisdiction under 28 U.S.C. § 1332, which applies if a civil action involves a matter in controversy exceeding $75,000, exclusive of costs and interest, and is between citizens of different states. Because WorldWide and defendants Larsh and McDaniel are all Indiana citizens, the court lacks jurisdiction if the citizenships of Larsh and McDaniel must be considered. Diversity cannot be destroyed by joinder of non-diverse parties if that joinder is fraudulent. *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). "Fraudulent" joinder is an often unfortunate legal term of art. Despite its connotations, it is not necessarily intended to cast aspersions on the character of plaintiffs or their counsel. "Fraudulent" joinder occurs "either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Id.*, quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

Where the defense argues that the plaintiff cannot possibly state a viable claim against the non-diverse defendant, the defense bears a "heavy burden" to establish fraudulent joinder. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). "The defendant must show that, after resolving all issues of fact *and law*

in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* (emphasis in original); accord, *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654-55 (7th Cir. 1992) (defendant must show that "there is no possibility" that plaintiff could establish claim against in-state defendant).

In this case, however, defendants primarily argue that there was outright fraud in the pleadings. Defendants do not contend that the defamation claims against McDaniel and Larsh are not part of the same case or controversy as the related contract-based claims against Johnson Controls, Battery Group, and Interstate Battery.

I.   *Outright Fraud ?*

WorldWide alleges that Larsh and McDaniel made defamatory statements about WorldWide's business operations, including, but not limited to: "WorldWide is going out of business." First Am. Cplt. ¶ 36-37; Pl. Br. ¶¶ 37-43. Defendants supported their motion to remove with affidavits from McDaniel and Larsh saying that the allegations against them are simply not true and that they never said the things attributed to them by WorldWide. Thus, defendants conclude, the claims against McDaniel and Larsh are fraudulent and should not defeat removal. Plaintiff has responded with its own affidavits with both first-hand and second-hand accounts of at least arguably defamatory statements by McDaniel and Larsh to plaintiff's customers.

In considering the claim of outright fraud in the pleadings, the court may consider the parties' affidavits. In general, parties seeking to invoke federal jurisdiction must provide competent proof that jurisdiction is valid. See *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Where subject matter jurisdiction depends on contested facts, and where the jurisdictional challenge attacks the truth of the pleadings, the district court is not limited to taking at face value the allegations in the pleadings. In deciding such issues, the district court has broad discretion to consider evidence and to resolve disputed factual issues in determining subject matter jurisdiction. *E.g.*, *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 626 (7th Cir. 1998), quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam); *Grafon*, 602 F.2d at 783. For example, if jurisdiction depends on the actual location of a corporation's principal place of business or on a person's true state of citizenship, the court may conduct an evidentiary hearing on the questions. See, *e.g.*, *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986) (vacating judgment for lack of jurisdiction; hearing had been needed on corporation's principal place of business). At the same time, the district court is not required to turn the jurisdictional inquiry into a preliminary trial on the merits. See, *e.g.*, *Stauffacher v. Bennett*, 969 F.2d 455, 459 (in dicta, addressing problems posed where personal jurisdiction over foreign defendant is based on alleged but disputed conspiracy with local defendant;

jurisdictional issue merges with merits); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.2 & 1289 n.6 (9th Cir.1977).

The conflicting affidavits in this case could provide the basis for a bench trial on the merits of WorldWide's defamation claims, in the guise of a jurisdictional inquiry. The court concludes that it need not attempt to resolve the issue conclusively. For purposes of determining the issue of fraudulent joinder, plaintiff has come forward with sufficient evidence to show that its allegations are not frivolous or fraudulent. See *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815-16 (N.D. Ill. 2003) (finding no fraudulent joinder and remanding the case after considering affidavits and other evidence without 'pre-trying' the merits).

The affidavits from plaintiff are sufficient at this stage of the proceedings to defeat the claim of outright fraud in the pleadings. Plaintiff has witnesses (including non-party witnesses), who attribute at least arguably defamatory statements to McDaniel and Larsh. To avoid the effect of these affidavits, defendants argue first that plaintiff is limited to the non-hearsay portions of the affidavits. The court is not persuaded that it cannot rely on the hearsay portions of the affidavits in determining whether the Indiana defendants were fraudulently joined. The inquiry here is not whether plaintiff will ultimately prevail on the merits of its claims. The issue is whether it deliberately asserted claims that were legally and/or factually baseless, so as to defeat complete diversity of citizenship

required for removal. The inquiry is similar to one under Rule 11 of the Federal Rules of Civil Procedure: whether plaintiff had a reasonable factual and legal basis for pleading its claims against McDaniel and Larsh. Coming forward with an affidavit that identifies the sources of the information relied upon can show a reasonable factual basis for a complaint even if the plaintiff does not yet have admissible evidence, such as it might reasonably expect to obtain in discovery. Cf. *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d at 815-16 (considering affidavits and deposition testimony to grant remand where defendants argued fraudulent joinder).

Even without the hearsay portions of the affidavits, however, WorldWide has come forward with a foundation for its claims. The affidavits from customers report arguably defamatory statements made directly to them by McDaniel and Larsh in efforts to persuade them to stop buying from WorldWide. Perry Evans testified that Larsh told him that WorldWide was "in trouble," was "losing its supplier of batteries," and was "not paying its bills," and then asked Evans what he planned to do for battery supplies in light of WorldWide's troubles. Mark Fink testified that an Interstate representative (probably McDaniel) told him that WorldWide was going to lose its supply of batteries and that Fink would have to change suppliers. Defendants argue that these portions of the affidavits do not line up precisely with the allegations in the complaint, which alleges that they said "WorldWide is going out of business. . ." and "similar statements," and are, therefore, insufficient.

The defendants' argument is based on outdated case law rather than Rules 8 and 9 of the Indiana Rules of Trial Procedure, which now control the pleading of civil actions in Indiana courts. Rule 8(a) requires that the pleading include only a short, plain statement of the claim and a demand for relief. Rule 9 sets out causes of action that require specific pleadings but does not include defamation or slander. Indiana Code § 34-15-1-1 indicates that it is permissible to state generally that the defamatory matter published or spoken was about the plaintiff. Ind. Code § 34-15-1-1. This approach is consistent with the notice pleading standards of the Indiana Rules of Trial Procedure. The cases cited by the defendant from the late-1800's illuminate the historical setting for the modern rules.[1] Defamation, like most other civil claims, need only be pled to comply with Rule 8(a). See, *e.g.*, *McQueen v. Fayette County School Corp.*, 711 N.E.2d 62, 65 (Ind. App. 1999) (reversing dismissal of a defamation claim where the court found the pleadings put the defendant on sufficient notice of claim); *Agnew v. Hiatt*, 466 N.E.2d 781, 781-82 (Ind. App. 1984) (reversing dismissal of a claim where the defendant allegedly called the plaintiff a "thief" and "dirty white trash," which the court treated as defamatory *per se*).

Indiana law recognizes defamation *per se* and *per quod*. Defamation *per se* is a statement that imputes (1) criminal conduct; (2) loathsome disease; (3) misconduct in a person's trade, profession, office or occupation; or (4) sexual

---

[1] See *De Pew v. Robinson*, 95 Ind. 109 (1884); *Watts v. Morgan*, 50 Ind. 318 (1875); *Tucker v. Call*, 45 Ind. 31 (1873); *Mann v. Hauts*, 40 Ind. 122 (1872).

misconduct. *Cortez v. Jo-Ann Stores, Inc.*, 827 N.E.2d 1223, 1230 (Ind. App. 2005), quoting *Branham v. Celadon Trucking Services, Inc.*, 744 N.E.2d 514, 522 (Ind. App. 2001). If words spoken convey such a message, they are deemed obviously and naturally harmful such that separate proof of their injurious character is not needed. *Cortez*, 827 N.E.2d at 1230, citing *Levee v. Beeching*, 729 N.E.2d 215, 220 (Ind. App. 2000). To recover on a claim of defamation *per quod*, the plaintiff must prove (1) defamatory imputation; (2) malice; (3) publication; and (4) damages. *McQueen*, 711 N.E.2d at 65. This kind of defamation may be actionable upon a showing of factual context for words that might otherwise not impute defamatory meaning. *Id.*

WorldWide pleads that defendants Larsh and McDaniel knowingly made false and defamatory statements about WorldWide's business practices to harm the business reputation and goodwill of WorldWide. The defendants were properly on notice of the claims against Larsh and McDaniel because they offered their own affidavits in which Larsh and McDaniel flatly deny making any defamatory comment. While the complaint does not list verbatim the allegedly defamatory words, giving WorldWide the benefit of all reasonable inferences, it does allege that Larsh and McDaniel made statements with intent to harm the reputation and goodwill of WorldWide's business. See *Branham v. Celadon Trucking Services, Inc.*, 744 N.E.2d 514, 522 (Ind. App. 2001), citing *Daugherty v. Allen*, 729 N.E.2d 228, 236 n.8 (Ind. App. 2000). Therefore, WorldWide has presented a short plain statement that, if proven, will entitle it to relief. See Ind. R. Tr. P 8(a). The court

recognizes that WorldWide might not succeed on these claims, but defendants have not shown they are factually baseless, let alone that plaintiff fraudulently joined the two Indiana defendants in the case to defeat removal.[2]

II.   *Attorney Fees and Costs*

Plaintiff has asked the court to award its attorney fees incurred as a result of the remand.  28 U.S.C. § 1447(c) permits the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal where the case is remanded.  Under prior Seventh Circuit case law, courts presumed that a fee award was proper in the event of an improper removal.  See, *e.g.*, *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003).  The Supreme Court recently adopted a different standard, however, in the Chief Justice's first opinion for the Court.  In *Martin v. Franklin Capital Corp.*, 546 U.S. —, 126 S.Ct. 704, 711 (2005), a unanimous Court affirmed denial of a fee award and held that attorney fees may be awarded pursuant to § 1447(c) only when removal was not "objectively reasonable."

The court cannot find the removal here objectively unreasonable, though fees would have been awarded under the old Seventh Circuit standard.

---

[2]Defendants argue that WorldWide has not stated a *per quod* claim because it has omitted the element of malice.  In Indiana, however, a complaint does not need to state all elements of a cause of action.  *E.g.*, *Vakos v. Travelers Ins.*, 691 N.E.2d 499, 501 (Ind. App. 1998).  The Seventh Circuit has repeatedly made the same point in reversing dismissals on pleadings.  See, *e.g.*, *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002).

WorldWide pleaded its defamation claims in a conclusory, "bare-bones" fashion that did not provide details about who said what to whom when. Defendants had to make a quick decision whether to remove based on only the complaint and the facts known to them at the time. They investigated the facts and learned that Larsh and McDaniel denied saying that WorldWide was going out of business or anything similar. Because the defendants' decision to remove was based on all reasonably available information, it was "objectively reasonable," even though not successful. See *Ward v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 1050635 * 5-6 (M.D. Fla. Apr. 20, 2006) (granting motion to remand after finding defendants not fraudulently joined based only on the pleadings and without factual development, but declining to award attorneys fees because the arguments for removal were objectively reasonable); cf. *Turner v. Buske Lines, Inc.*, 2006 WL 566108 * 4-5 (S.D. Ind. Mar. 7, 2006) (remanding and awarding attorney fees for objectively unreasonable for removal where the argument for removal was based on defendant's own failure to comply with Indiana law).

*Conclusion*

For the above stated reasons, the case is remanded to the Madison Superior Court, and all parties shall bear their own costs and attorney fees in this court.

So ordered.

Date: July 7, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jeffrey A. Brauer
HAHN LOESER & PARKS LLP
jabrauer@hahnlaw.com

Donald Orzeske
GOODIN ORZESKE & STEVENS
dorzeske@goblaw.com

Royce R. Remington
HAHN LOESER & PARKS LLP
rrremington@hahnlaw.com

Eric A. Riegner
LOCKE REYNOLDS LLP
eriegner@locke.com

Christopher S. Roberge
ROBERGE & ROBERGE
croberge@robergelaw.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com